I respectfully dissent from the majority's reasoning and disposition of appellant's first assignment of error. The majority, with respect to appellant's first assignment, held that the trial court properly granted summary judgment since appellant could not maintain a section 1983, Title 42, U.S. Code claim against appellees based on a statutory violation, specifically a violation of R.C. 121.22. However, I would find that the violation that is alleged to have occurred in this case is one based on a right guaranteed by the Ohio or United States Constitution. By restricting appellant's right to speak at the township meetings, appellees may have violated appellant's First Amendment rights. As noted by the court in Wilkinson v. Bensalem Twp.: "Allowing the state to restrict a person's right to speak based on their identity could quickly lead to the censorship of particular points of view . . . such a result would offend the very core of theFirst Amendment's protections." Wilkinson v. Bensalem Twp. (1993),822 F. Supp. 1154, 1158.
Accordingly, if appellee systematically prohibited appellant from speaking during the township meetings either because they did not like him or because they did not want to hear what appellant had to say on matters of public concern, appellees violated appellant's First Amendment rights. Id. Since there is a question of fact as to appellees' motive for silencing appellant during the township meetings, I believe that the trial court erred in granting partial summary judgment in favor of appellees on the basis of legislative immunity.
For such reason, I would sustain appellant's first assignment of error.